RECEIVED
MAY 09 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Debora Dukes-Smith
P.O. Box 1369
Chicago, IL 60690
(Name of the plaintiff or plaintiffs)

v.

Loyola Medical Center
2160 S First Avenue
Maywood, IL 60153
(Name of the defendant or defendants)

13cv3485
Judge Joan H. Lefkow
Magistrate Mary M. Rowland

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is __Debora Dukes-Smith__ of the county of __Cook__ in the state of __IL__.
3. The defendant is __Loyola Medical Center__, whose street address is __2160 S First Avenue, Maywood, IL 60__,
(city) __Maywood__ (county) __Cook__ (state) __IL__ (ZIP) __60153__
(Defendant's telephone number) (708) - __216-9100__
II The plaintiff sought employment or was employed by the defendant at (street address) __2160 S First Avenue__ (city) __Maywood__
(county) __Cook__ (state) __IL__ (ZIP code) __60153__

5. The plaintiff [*check one box*]
   (a) ☐ was denied employment by the defendant.
   (b) ☐ was hired and is still employed by the defendant.
   (c) ☒ was employed but is no longer employed by the defendant.
6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) __September__, (day) __7__, (year) __2012__.

7.1 **(Choose paragraph 7.1 or 7.2, do NOT complete both.)**

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*]

    ☐ has not ☑ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i)    ☑ the United States Equal Employment Opportunity Commission, on or about (month) 9 (day) 24 (year) 2012.

    (ii)    ☑ the Illinois Department of Human Rights, on or about (month) 3 (day) 18 (year) 2013.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is ttached. ☑ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and
    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

         ☐   Yes (month)_____ (day)_____ (year) _____
         ☐   No, did not file Complaint of Employment Discrimination

   2.    The plaintiff received a Final Agency Decision on (month)_____ (day)_____ (year)_____.

   c.    Attached is a copy of the

     a. Complaint of Employment Discrimination,

         ☐ YES    ☐ NO, but a copy will be filed within 14 days.

   (ii)    Final Agency Decision

         ☐ YES    ☐ NO, but a copy will be filed within 14 days.

8.    (*Complete paragraph 8 only if defendant is not a federal governmental agency.*)

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) 3 (day) 18 (year) 2013 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a) ☐ Age (Age Discrimination Employment Act).
   (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)
   (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e) ☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
   (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

   (a) ☑ failed to hire the plaintiff.
   (b) ☑ terminated the plaintiff's employment.
   (c) ☐ failed to promote the plaintiff.
   (d) ☐ failed to reasonably accommodate the plaintiff's religion.
   (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.
   (f) ☑ failed to stop harassment;
   (g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
   (h) ☑ other (specify): Plantiff filed with EEOC in 3-2011 due to racial and disability discrimination. Plantiff was harrased in 2012 and filed with EEOC again. Plantiff was terminated on September 2012 and filed with EEOC again discrimination and retaliation

13. The facts supporting the plaintiff's claim of discrimination are as follows:
    (letter included)

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) ☐ Direct the defendant to hire the plaintiff.
    (b) ☑ Direct the defendant to re-employ the plaintiff.  another location
    (c) ☐ Direct the defendant to promote the plaintiff.
    (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.
    (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.
    (f) ☐ Direct the defendant to (specify): give plaintiff a letter of recommendation and a

    (g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.
    (h) ☑ Grant such other relief as the Court may find appropriate.

_Debora Dukes-Smith_
Plaintiff's signature

_Debora Dukes-Smith_
Plaintiff's name

Plaintiff's street address  Debora Dukes-Smith
P.O. Box 1369

City Chicago  State IL  ZIP 60690

Plaintiff's telephone number (773) 671-1753

Date: 5/9/2013

May 8. 2013

To: Northern District Court

For thirty one years I have been a Respiratory Therapists I have worked at mostly large hospitals, Rush Presbyterian St Lukes's Hospital in Chicago, IL. I have never received a final warning or have I ever been suspended or discharged from my job that changed on September 12, 2012. I was discharged from Loyola Medical Center where the letter I received on September 12, 2012 stated I was terminated on September 7, 2012 and the letter was typed on September 10,2012. I was sent home on September 7, 2013 and was told I was suspended by Mr Robert Obias pending investigation.

The day I was suspended on September 7,2012 I went to Human Resources and ask to speak to Helen Moore in Human Resources, the receptionist went in and came back and informed me Ms. Moore was unaware of my suspension until a couple of minute's ago on that day. I ask to speak to Mr. Richard Bacchi, Head of employee relations, I was told he was in a meeting and I spoke to Pamela Flectcher instead who is also in employee relations, I told her I had been suspended and would like to have this in writing, Pamela Fletcher went to the back of human resources and came back and told me that Mr. Bacchi was out of his meeting. I was told by Mr. Bacchi that I could be suspended pending investigation and it did not have to be in writing. I left human resources unescorted.

I had to go to EEOC in 2011 I was taken off of work in January, 2011 due to work restriction written by my neurosurgeon, Robert Levy MD., wrote a note restricting me from lifting more than 30 lbs due to me having more pain in my neck I had a spinal fusion in April 1, 2001. I had to go Occupational Health for this restriction to be approved, I was told by my manager at the time John Cronin. Occupational Health informed my neurosurgeon that they needed to know how far I could walk and how much weight I could lift he informed Loyola Medical Center if the needed to know they should have me take a Functional Capacity test. I was sent home by Occupational Health and told not to return back to work until my restriction was clarified. I waited to hear from Loyola Medical Center concerning this matter and also called everyday to see if I could return back to work, when I received no response I ask my primary, Cheryl Wilkes could she write could she write me an order so I could do a Funtional Capacity test. I had the Functional Capacity test and was released to return to work by the Occupational Therapist from RIC who administered the test, My primary, Cheryl WilkesMD., also released me to return to work, my neurosurgeon, Robert LevyMD., who also did my surgery also released me to return to work. I and one other Respiratory Therapist had to fulfill this requirement, Diane Hunter, no other therapist had to do this in 2011. I went to EEOC to try and get my job back after two and half months without and response from Occupational Health to return to work and I was told I could not do Respiratory Therapy anymore now the doctor who came up with this conclusion never examined me. I was given the right to sue and my allegations were investigated which the findings were in my favor. I decided to mediate with Loyola Medical Center through EEOC. I was given my back pay and a temporary positon in Pulmonary function and in six months it would be decided if I would keep the position in Pulmonary function testing which I applied for the position before I was taken off of work and I was given the Pulmonary Function testing position after six months. While working in Pulmonary function

lab I have returned and worked in the Respiratory Therapy department when the Respiratory Therapy department was short staffed doing floor therapy.

January, 2012 the climate changed for me in the Pulmonary function lab. I was being harassed nonstop which sent me back to EEOC. I was told by the representative at EEOC that it was discrimination and retaliation the case number is 440-2012-2094 I was given the right to sue. I chose not to being a single mother I thought it would effect my career.

I contacted EEOC again in September 24,2012. I was fired on September 12,2012 I received a letter stating I was fired on September 7, 2012 which I received this letter on September 12,2012. I was sent home on September 7,2012 which I received this letter on September 12, 2012. I was sent home on September 7, 2012 after assisting with the bronchoscopy. I was told by Diane Duffie that Robert Obias, Manager of Respiratory Therapy and Pulmonary function testing wanted to talk to me. I was told by Robert Obias I was suspended pending investigation due to an error code on a flow volume loop pulmonary function test did on August 27, 2012. The day I did my patient's test on August 27,2012 at 14:00 pm the patient had an order for a complete pulmonary function test which consist of flow volume loop test, body plethysomograph, and diffusion test, I did four flow volume loop test and three of the flow volume loop test had no errors and one of the flow volume loop test had an error I did not send a test with an error coded, also the Sensormedic machine will pick the best test. The test with the error code had a 74%FEV1/FVC with this number I would have given the patient a pre and post test bronchialdilator. My annual review in 2011 and mid review in June 2012 showed nothing wrong with my work performance. Diane Duffie could have given me the same courteousy she has given other technicians doing Pulmonary function testing.   Ms. Duffie has called me to correct the test of other technicians. If my allegations are investigated I evaluated and corrected test for white co-workers as well as minority co-workers who all of us answer to Diane Duffie our coordinator for the Pulmonary function lab, one technician is Brian Borger a )Pulmonary Function Tech who worked out of the registry who is white I made corrections on7/29/2012, Kathy Seuss pulmonary function tech who also works through the registry was sending test with negative residual volume on body plethesmyograph test and she also works for Diane Duffie , which was discussed in a meeting on July 6,2012 with Robert Obias, Manager of Respiratory Therapy and Pulmonary function testing, and our Medical Director for Pulmonary function testing Sean Forysthe Md. Ramona M. who is white was doing erroneous teat and was retrained she was the Pulmonary function tech for Oakbrook Terrace and she worked in the Pulmonary function lab at Loyola Medical Center in Outpt Clinic she was retrainded. Peggy Jones had erroneous test in Oakbrook Terrace. There has been a problem with the machine in Oakbrook Terrace Diane Duffy even tested herself in 2012 due to Dry Charles Alex being upset about the machine in Oakbrook Terrace and said the two machine's in Output Clinic at Loyola Medical Center results were similar but there was a big difference with the results coming from Oakbrook Terrace Clinic. While I was doing my patients test on August 27,2012 the computer froze up on me and had to be rebutted which was not unusual for this computer it was the last computer not changed out but it need to be change. The computer in Oakbrook Terrace had to be changed out in 2012 due to the computer continuously freezing up and having erroneous test. The computer in the small lab in Outpt Clinic at Loyola Medical Center continued to freeze up and had to be changed out in June, 202 the internet was also taken off of

both computers to try and stop the computers from freezing up and being rebotted. The patient I did that day on August 27, 2012 was a regular a lung transplant patient I had did this patient's test before I worked the 09:00am to 05:30pm shift that is part of my job to evaluate and proofread the Pulmonary function test and make corrections as was told to me when I was being trained to do Pulmonary Function testing and if I cannot I call Diane Duffie and ask her to make the corrections. If we have a test and we cannot make the corrections as was told to me we can copy the better test and fax the test to the doctor. July 2011 Trinity Hospital took over Loyola Medical Center the equipment was labeled with new stickers this label was to identify the computers and body box as belonging to Trinity hospital but normally this equipment is checked by biomedical to make sure the equipment is functioning. The computer I had been using in the big lab had to be shut down on September 5, 2012 and replaced. The machine's no longer have a warranty on the body box by sensormedics. The repairs have been done by Matthew Diamond manager of Respiratory Therapy equipment in the department and Yash Giri a Pulmonary Function Tech.

Every week starting in January of 2012 if it was not attendance it was as if I could no longer do my job in managements eyes it got worse after June 2012 after my deadline for my right to sue with the EEOC,even though I was doing my job to the best of my ability it was like my file was being padded and I had obtained a FMLA for attendance.

I received a final warning for doing a sweat test where I typed in the wrong amount for a sample. I had more than enough for my patient test two samples from each arm. We can only get 10 micro-liters in the pipette which we put in 4 cc acetic acid to analyze. The protocol is to have the patient return to do the test again if there is an error but the doctor chose not to have the patient return. The patient was not harmed I was doing sweat test prior to this without any errors no complaints working independently. Mr . Obias gave me a final warning and did not inform me I had ten days to respond to the final warning. I wrote a letter in response to this final warning on June 21, 2012 which I gave to Pamela Fletcher in human resources. I received a final warning stating I refused or failure to abide by policies or regulation a failure to fulfill my job duties. I have never in thirty one years refused to abide by any policies my employer's have set up or refused to do my job and this is a false allegation. Mr. Obias does not do Sweat testing or Pulmonary function testing or calibrate the chloridometer. I had to do a Sweat test on Robert Obias June 7,2012 without any errors on the test with my coordinator Diane Duffie observing. We did the test on June 21, 2012 I completed the Sweat test but Mr. Obias refused to rescend the final warning. I felt my file was being padded due to me going to EEOC.

Sincerely

*[signature: Debora Dukes-Smith]*

Debora Dukes-Smith

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Debora Duke-Smith<br>P.O Box 1369<br>Chicago, IL 60690 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2012-03057 AMENDED | Carol Milazzo, Investigator | (312) 869-8133 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_John P. Rowe_     3/13/2013

Enclosures(s)     John P. Rowe, District Director     (Date Mailed)

cc:     **LOYOLA UNIVERSITY MEDICAL CENTER**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>2013CR2644<br>440-2012-03057 |
|---|---|---|

Illinois Department Of Human Rights                                                                 and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Debora Duke-Smith | Home Phone (Incl. Area Code)<br>(773) 671-1753 | Date of Birth<br>09-17-1958 |
|---|---|---|

Street Address: P.O Box 1369, Chicago, IL 60690

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>LOYOLA UNIVERSITY MEDICAL CENTER | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(708) 216-9000 |
|---|---|---|

Street Address: 2160 S. First Avenue, Maywood, IL 60153

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 09-07-2012
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent on or around October 10, 2010. My most recent position was Pulmonary Function Technician. On or around March 21, 2012, I filed EEOC Charge Number: 440-2012-02094, alleging that I was retaliated against. On or around September 7, 2012, I was discharged whereas my non-Black co-workers who have committed the same or similar infractions, have not.

I believe I have been discriminated against because of my race, Black, and that I was retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

SEP 24 2012

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Sep 24, 2012
Charging Party Signature: [signed] Debora Duke-Smith

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2012-03057 |
|---|---|---|

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) Ms. Debora Duke-Smith | Home Phone (Incl. Area Code) (773) 671-1753 | Date of Birth 09-17-1958 |
|---|---|---|

Street Address: P.O Box 1369, Chicago, IL 60690

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name: LOYOLA UNIVERSITY MEDICAL CENTER | No. Employees, Members: 500 or More | Phone No. (Include Area Code): (708) 216-9000 |
|---|---|---|

Street Address: 2160 S. First Avenue, Maywood, IL 60153

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____ Latest 09-07-2012
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on or around October 10, 2010. My most recent position was Pulmonary Function Technician. On or around March 21, 2012, I filed EEOC Charge Number: 440-2012-02094, alleging that I was retaliated against. On or around September 7, 2012, I was discharged whereas my non-Black co-workers who have committed the same or similar infractions, have not.

I believe I have been discriminated against because of my race, Black, and that I was retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

SEP 2 4 2012

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Sep 24, 2012 *(Date)* — *Debora Duke-Smith* Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | AMENDED<br>440-2012-03057 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Debora Duke-Smith | (773) 671-1753 | 09-17-1958 |

Street Address: P.O Box 1369, Chicago, IL 60690

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LOYOLA UNIVERSITY MEDICAL CENTER | 500 or More | (708) 216-9000 |

Street Address: 2160 S. First Avenue, Maywood, IL 60153

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 09-07-2012
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired by Respondent on or around October 10, 2010. My most recent position was Pulmonary Function Technician. On or around March 21, 2012, I filed EEOC Charge Number: 440-2012-02094, alleging that I was retaliated against. On or around September 7, 2012, I was discharged whereas my non-Black co-workers who have committed the same or similar infractions, have not. I filed the instant charge on or about September 24, 2012. Subsequently, Respondent has opposed my claim for unemployment benefits, Respondent has withheld my final paycheck, and Respondent has transmitted one or more negative job references to potential employers.

I believe I have been discriminated against because of my race, Black, and that I was retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Oct 12, 2012
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements
OCT 12 2012

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

# ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

November 7, 2012

Ms. Debora Duke-Smith
P.O. Box 1369
Chicago, IL 60690-1369

**Re: Ms. Debora Duke-Smith v. Loyola University Medical Center - 131107028**

Dear Complainant:

The United States Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (Department) are parties to a cooperative agreement. Under this agreement, when you filed your charge of discrimination with the EEOC, a copy of the charge was automatically filed with the Department. The Department is keeping a copy of your EEOC charge on file to preserve jurisdiction under Illinois law.

You filed your discrimination charge initially with the EEOC, however, the Department can consider investigating your charge <u>following</u> the EEOC's investigation. Should you want the Department to take this action, you must first wait for the EEOC to complete its investigation of your charge and send you its written findings from its investigation. Once you receive the EEOC's findings, you have 30 days to send the Department a copy of the findings. Please also submit a one sentence written statement requesting that the Department investigate your charge and include the above-referenced control number. Your copy of the EEOC's findings and your letter requesting that the Department investigate the charge may be submitted by either of the following methods:

**By Mail:** Your EEOC findings and written decision should be sent via U.S. Postal certified mail, return receipt requested, to: Illinois Department of Human Rights, Attn: EEOC Referred Charges/Intake Unit, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.

**In Person:** You must bring an original and one copy of your EEOC findings and letter. The Department will stamp the copy and it will be returned to you for your records.

If you have already received the EEOC's findings, you should send the Department a copy of the findings along with your letter requesting that the Department investigate your EEOC charge.

Upon receipt of your documents, the Department will mail you a letter with additional information about your case. If you request the Department to investigate your EEOC charge, the Department will review evidence obtained during EEOC's investigation; that evidence may be disclosed pursuant to the Department's rules and regulations.

The 365-day time period for the Department to investigate your EEOC charge begins to run when EEOC issues its investigation findings. Your failure to timely provide the EEOC's findings to the Department will result only in the Department closing your file. **This process does not affect the investigation of your charge at EEOC.** If you do not wish to proceed with the Department, you do not need to take any further action.

This letter **does not apply** to any settlement of this charge the parties have made with the EEOC.

**If you have any questions, please contact Thomas F. Roeser, Pre-Investigations Coordinator, at (312) 814-6295. Please do not contact the EEOC.**

ILLINOIS DEPARTMENT OF HUMAN RIGHTS
PRE1_EEOC 30
Rev: 10/11



ILLINOIS DEPARTMENT OF
# Human Rights

**APRIL 10, 2013**

**NOTICE OF CHARGE**

DEBRA DUKE-SMITH
P O BOX 1369
CHICAGO, IL 60690

RE: CHARGE NO.: 2013-CR-2644
RESPONDENT: LOYOLA UNIVERSITY MEDICAL
**Complaint or Civil Action Filing Dates: 03/14/14 THROUGH 06/11/14**

Dear Complainant:

You have chosen to have the discrimination charge you previously filed with the U.S. Equal Employment Opportunity Commission ("EEOC") investigated by the Illinois Department of Human Rights ("Department") under the Illinois Human Rights Act. A copy of the charge has been served on the Respondent. Keep this letter for reference if you need to telephone or come to the Department.

If your charge involves the basis of disability, the Department requests that two additional forms be completed to determine whether the Department has jurisdiction over your identified medical condition. If we do not have copies of these documents in your file, we have included copies with this notice.

(1) **Medical Questionnaire.**
Please give the medical questionnaire to your physician for completion. Request your physician return the completed medical questionnaire by mail to the Department's address below within 30 days of your receipt of this notice; and

(2) **Consent Form.**
The consent form allows the Department to review your physician's documentation. Please fill out the consent form and return it to the Department, again, within 30 days of your receipt of this notice.

If your charge does not involve the basis of disability, then the medical questionnaire and consent forms are not needed and are not enclosed.

The Department's role is to conduct a neutral investigation of the allegations in your charge. It is your responsibility to cooperate with the Department's investigation and provide all pertinent information you have concerning the case by the dates requested.

An investigator will contact you after the case is assigned. The Department must complete the investigation of your case by issuing its report of findings within 365 days from the date the EEOC issued its decision on your charge. The Department's investigation time may be extended if you and Respondent agree in writing.

If the Department does not complete the investigation of your case by timely issuing its report of findings, you may either file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court within 90 days after the expiration of the 365 days (or the extended time). We have calculated the time above (see Complaint or Civil Action Filing Dates). While we have made this calculation with the best of intentions, errors can occur. The Human Rights Commission has ruled that it is your responsibility to count the number of days properly. If you file a complaint or commence a civil action in circuit court outside this 90-day period, your complaint or civil action may be deemed untimely and dismissed.

Once 455 days (365 days [or the extended time] plus 90 days) have passed, the Department must dismiss your charge with prejudice without any further right to proceed if you have not filed a complaint with the Human Rights Commission, or commenced a civil action in the appropriate circuit court. Therefore, you may wish to contact an attorney to decide the best way for you to handle your case.

If you file a complaint with the Human Rights Commission, the form of the complaint must be in accordance with Section 7A-102(F) of the Human Rights Act. You must serve a copy of the complaint filed with the Human Rights Commission on the Department on the same day that you file a complaint with the Commission. The Human Rights Commission will then schedule a hearing for your case before an Administrative Law Judge.

If you commence a civil action in a circuit court, the form of the complaint must be in accordance with the Illinois Code of Civil Procedure. Please also serve a copy of your complaint on the EEOC: 500 West Madison, Ste. 2000, Chicago, IL 60661. If you file a complaint with the Human Rights Commission, you may not later commence a civil action in circuit court.

**You must advise the Department of all changes of name, address, or telephone numbers. If you do not do so, the Department may dismiss your case if it cannot locate you.**

SB1122   IN-6   Non-Med
CR/SR
Rev.   2/2012