UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORA DUKES-SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 3485 |
| | ) | |
| v. | ) | Honorable Judge Joan H. Lefkow |
| | ) | |
| LOYOLA UNIVERSITY MEDICAL CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

## LOYOLA UNIVERSITY MEDICAL CENTER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Loyola University Medical Center ("Loyola"), for its Answer to the Plaintiff's Amended Complaint states as follows:

1. Plaintiff at all relevant times was and is a resident of the State of Illinois. Plaintiff is a member of the Black race.

**ANSWER:** Loyola admits the allegations contained in paragraph 1.

2. Defendant is a health care facility located in Maywood, Illinois.

**ANSWER:** Loyola admits the allegations contained in paragraph 2.

3. This cause of action arises under Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq. ("The Act") and § 1981 of the Civil Rights Act of 1866. Jurisdiction is proper because this case presents federal questions under 28 USC §1331 and 1343(4). Venue in this Court is proper pursuant to 28 USC §1367.

**ANSWER:** Loyola admits that the Plaintiff has asserted the indicated causes of action, and does not contest jurisdiction or venue, but denies the merits of the Plaintiff's allegations and denies that Plaintiff is entitled to any relief or recovery.

4. At all relevant times, defendant employed at least fifteen employees and was subject to the laws under which this cause arises.

**ANSWER:** Loyola admits the allegations contained in paragraph 4.

5.    Plaintiff, who began employment on November 16, 2009, first worked in the Respiratory Care Department then was transferred in 2011 to the Pulmonary Function lab.

**ANSWER:**    Loyola admits that the Plaintiff began her employment on November 16, 2009 as a Respiratory Care Practitioner II in the Respiratory Care department and that, as the result of a workplace accommodation, she was transferred to the Pulmonary Function lab and assumed the position of a Pulmonary Function Technician in October 2011. Loyola denies any remaining allegations contained in paragraph 5.

6.    Plaintiff was terminated on September 12, 2012, allegedly due to her failure to fulfill job duties and follow policy. In fact, plaintiff was performing her job's duties.

**ANSWER:**    Loyola admits that the Plaintiff's employment was terminated on September 12, 2012 for failure to fulfill job duties and failure to follow policy, and otherwise denies the allegations contained in paragraph 6.

7.    Similarly-situated white employees were treated better.

**ANSWER:**    Loyola denies the allegations contained in paragraph 7.

8.    Prior to her termination plaintiff complained to defendant's management of racial harassment.

**ANSWER:**    Loyola denies the allegations contained in paragraph 8.

### Count I - Race Discrimination Claim - Title VII

9.    Plaintiff incorporates by reference paragraphs 1 through 8 as though fully restated herein, in haec verba.

**ANSWER:**    Loyola incorporates its answer to paragraphs 1-8 above as if fully restated herein.

10.    At all times relevant hereto, plaintiff was an "employee" for purposes of Title VII.

**ANSWER:**    Loyola admits the allegations contained in paragraph 10.

11.    Defendant violated the Act when it treated similarly situated white employees more leniently while firing plaintiff.

**ANSWER:** Loyola denies the allegations contained in paragraph 11.

12. Defendant violated §704(a) of the Act by discharging plaintiff in retaliation for her complaints of racial harassment.

**ANSWER:** Loyola denies the allegations contained in paragraph 12.

13. As a proximate result of the defendant's violation of the Act and illegal termination of the plaintiff, plaintiff has suffered substantial lost wages and lost benefits, and other economic losses as well as other damages.

**ANSWER:** Loyola denies the allegations contained in paragraph 13.

14. Defendant is liable under the Act for lost wages, lost benefits, compensatory damages, and interest, and is subject to injunctive and other equitable measures, and is also liable for attorneys' fees and costs.

**ANSWER:** Loyola denies the allegations contained in paragraph 14.

### Count II - §1981 Claim

14. [sic] Plaintiff incorporates by reference herein paragraphs 1 through 7 of the complaint as though fully set forth herein, in haec verba.

**ANSWER:** Loyola incorporates its answer to paragraphs 1-7 above as if fully restated herein.

15. Plaintiff had a contract of employment with defendant for purposes of §1981.

**ANSWER:** Loyola denies that Plaintiff had an employment contract with it, but admits that it employed Plaintiff.

16. Defendant's retaliation against plaintiff and her discharge were based on her Black race.

**ANSWER:** Loyola denies that allegations contained in paragraph 16.

17. As a proximate result of the defendant's violation of §1981 by the illegal termination of the plaintiff, plaintiff suffered substantial lost wages and lost benefits, and other economic losses, as well as other damages.

**ANSWER:** Loyola denies that allegations contained in paragraph 17.

18. Defendant is liable under §1981 for lost wages, lost benefits, compensatory damages, punitive damages, and attorneys' fees and costs.

3

**ANSWER:** Loyola denies that allegations contained in paragraph 18.

## AFFIRMATIVE DEFENSES

1. The Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2. Loyola's employment actions with respect to the Plaintiff were taken for legitimate, non-discriminatory and non-pretextual business reasons.

3. Loyola has at all times acted in good faith in its dealings with Plaintiff and has not intentionally or willfully discriminated against Plaintiff or breached any duty it had toward the Plaintiff in violation of any federal or state statute or common law principle, and therefore is not liable for any injunctive or declaratory relief, compensatory or punitive damages, prejudgment interest, attorney's fees, expert witness fees, costs or expenses whatsoever.

4. Loyola maintains a policy against unlawful discrimination, which is made known to all employees, including Plaintiff. To the extent Plaintiff failed to make a complaint pursuant to that policy, her claims are barred.

5. To the extent Plaintiff has failed to mitigate her alleged damages, her claims are barred.

WHEREFORE, Loyola respectfully requests that the Court enter judgment in its favor and against the Plaintiff. Loyola additionally requests that the Court award its attorney fees and costs incurred in defending this action, along with such other and further relief as the Court deems just and proper.

                                                LOYOLA UNIVERSITY MEDICAL CENTER

By:   *s/Brent J. Graber*
      One of its Attorneys

Brent J. Graber
HINKHOUSE WILLIAMS WALSH LLP
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
bgraber@hww-law.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused to be electronically filed the foregoing Loyola University Medical Center's Answer to Plaintiff's Amended Complaint using the ECF Electronic System.

*s/Brent J. Graber*

4837-2916-7894, v. 1